UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROLAND FIFFIE, SR. | CIVIL ACTION |
| VERSUS | NO. 22-189 |
| EAGLE, INC., *et al.* | SECTION M (2) |

## **ORDER & REASONS**

Before the Court is the motion for summary judgment filed by defendant First State Insurance Company ("First State").[1] The motion is set for submission on August 24, 2023.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance August 16, 2023. Plaintiff Roland Fiffie, Sr., who is proceeding *pro se*, did not file any opposition.[3] Accordingly, because the motion is unopposed and appears to have merit,[4]

---

[1] R. Docs. 105.

[2] R. Docs. 105-6.

[3] A *pro se* litigant is not exempt from compliance with established rules of practice and procedure, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981), and courts "expect litigants to meet court deadlines and observe the rules of civil procedure." *Jones v. FJC Sec. Servs., Inc.*, 612 F. App'x 201, 203 (5th Cir. 2015).

[4] This matter concerns claims of occupational asbestos exposure. On July 7, 2021, Fiffie filed this action in state court alleging that he was exposed to asbestos while working for various employers and that such exposure caused him to develop asbestosis. R. Docs. 1-2 at 1-25; 105-1 at 1. Fiffie asserted claims against defendant Eagle, Inc. ("Eagle") for that company's manufacture or sale of materials containing asbestos, and against First State, as an alleged insurer of Eagle. R. Doc. 105-1 at 1. On March 17, 2023, Eagle filed a motion for summary judgment, arguing that Fiffie's tort claims had prescribed because they were filed more than one year after he settled an asbestosis claim he made under the Longshore and Harbor Worker's Compensation Act ("LHWCA") against Avondale in 2009. R. Doc. 61. The Court, in its March 30, 2023 Order & Reasons, granted Eagle's motion. R. Doc. 86. First State now moves for summary judgment and adopts the arguments originally made in Eagle's motion. R. Doc. 105-1 at 1-2. As the Court observed in its March 30, 2023 Order & Reasons, Fiffie admitted during his deposition that he settled an asbestosis claim he made under the LHWCA against Avondale in 2009, and that he thinks he was first diagnosed with asbestosis prior to 1999. R. Doc. 86 at 2. A federal court sitting in diversity applies state substantive law, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), including "state statutes of limitations and related state law governing tolling of the limitation period." *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989). Under Louisiana law, liberative prescription is similar to the common-law concept of statute of limitations. It "is a mode of barring of actions as a result of inaction for a period of time." La. Civ. Code. art. 3447. Louisiana Civil Code article 3492

IT IS ORDERED that First State's motion for summary judgment (R. Doc. 105) is GRANTED, and Fiffie's claims against it are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 17th day of August, 2023.

                                                                                                                                                          _____
                                                                                                                                                          BARRY W. ASHE
                                                                                                                                                          UNITED STATES DISTRICT JUDGE

---

provides: "Delictual actions are subject to a liberative prescription of one year [that] commences to run from the day injury or damage is sustained." "Damage is considered to have been sustained, within the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of a cause of action." *Cole v. Celotex Corp.*, 620 So. 2d 1154, 1156 (La. 1993). The party pleading prescription usually bears the burden of proof. *Younger v. Marshall Indus., Inc.*, 618 So. 2d 866, 869 (La. 1993). However, if a claim appears to be prescribed on the face of the complaint, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. *Id.* Prescription can be interrupted when the obligee files an action in a court of competent jurisdiction and venue, La. Civ. Code art. 3462, and such interruption continues as long as the suit is pending. *Id.* art. 3463. A claim under the LHWCA acts to interrupt prescription on a tort action. *Andrews v. Strauss*, 2002 WL 31375610, at *2 (E.D. La. Oct. 18, 2002). Here, the evidence demonstrates that Fiffie was first diagnosed with asbestosis prior to 2009 and that he settled his LHWCA claim concerning the asbestosis in 2009. Fiffie's LHWCA claim interrupted prescription of any claim against a solidary obligor liable in tort for the asbestosis injury, and such interruption continued so long as the claim was pending. But prescription on the tort claims commenced anew once the LHWCA claim was settled, and Fiffie waited more than one year after the LHWCA claim was resolved to file the instant tort action. Thus, Fiffie's tort claims are prescribed on the face of the complaint, and he has not provided any countervailing evidence to prove a further suspension or interruption of prescription. Accordingly, the claims are properly dismissed.